**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ALLISON HOFF,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. DLB-26-2445** |
| **MIKE PEREZ,** | * | |
| **Defendant.** | * | |

**ORDER**

Allison Hoff filed a civil rights complaint against Mike Perez, alleging "false imprisonment in [a] fake hospital ward" and violations of her rights to freedom of speech and religious practice. ECF 1, ECF 1-1, at 2; ECF 1-3, at 3. On June 22, 2026, the Court informed Hoff that her complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. ECF 5. The Court noted that a complaint must contain "a short and plain statement of the claim" and "simple, concise, and direct" allegations, Fed. R. Civ. P. 8(a), (d), and must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court observed that Hoff's allegations, which appeared to focus on her involuntary hospitalization and limitations placed on her contact with her minor son, were unclear and that she had not provided an address for the only named defendant. The Court gave Hoff the opportunity to file an amended complaint to cure the deficiencies. ECF 5. The Court advised Hoff that, if the amended complaint did not meet the requirements of the June 22 Order, the amended complaint could be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *Id.*

On June 30, Hoff filed an amended complaint. ECF 6. The amended complaint, excluding the three-page list of 145 defendants, is 177 pages and includes 21 counts. ECF 6, 6-2. Her claims

include several torts, civil rights violations under 42 U.S.C. § 1983, and other constitutional violations. The 145 named defendants are: Michael Perez, Administrative Office of the Courts Security Administration, Beverly Anderson, Eric Lee Anderson, Anne Arundel County Police Department, Appellate Court Maryland, Wayne Arminavage, Peter Aurich, Allison Baker, Melinda Baldwin, Christine Bergdoll, Melanie Betz, Bowie City Dispatch, Bowie City Government, Bowie City Police Department, Maria Brown, Patricia Buchanan, Calvert County Circuit Court, *et al.*, Calvert County Commissioner, Calvert County Department of Social Services, Calvert County Government, Calvert County Sheriff, Calvert County State's Attorney's Office, Mark Carmean, Brenda Carr, Tiffany Carter, Mark Chandlee, Diego Cisneros, Clark Insurance Agency, D.C. Metropolitan Police Department Internal Affairs, D.C. Metropolitan Police Employee Assistance Program, Linsay DeLeon, Vladimir Demidov, District Court of Maryland for Anne Arundel County, Justin Doe, Rachel Dombrowski, K Dunklee, FBI Manassas Field Office, Federal Bureau of Prisons, Federal Bureau of Investigation, Anne Ferguson, Steve Filipe, Shephers Flock, Evan Folk, Jason Fowler, Georgetown University Emergency Department & all contr., Georgetown University Hospital, Maureen Glackin, Christopher Graham, Jr, Troy Hansen, Brenda C. Hart, Lisa Hedrick, Jessica Hernandez, Christian Hipsky, Andrew T. Hoff, Faye E. Hoff, Jesse Hoffman, Taylor Hoffman, Kelsey Howe, Charles Iliff, Individual Clerks, Grace Izuka, Will Jackson, James Eisenhouer #2219, Gigi Johnson, Jammie Jones, Hannah Kleiman, Albert Krehely, Jr, Matthew Kuehn, Natasha Lawson, Lee Crumbaugh Forrest Consulting LLC, Deb Lineberry, Brittany Litke, Loma Linda University Church, Sunashi Lopez, Kelly Lowery, Luminis Health AAMC Emergency Department, Luminis Health Security Person #1, Luminis Medical Transport, Luminis Staff & Subsidiaries, Timothy Maher, Gwen Mamanua, Arif Mannan, Maryland Board of Social Work, Maryland Department of Health, Maryland

Judiciary, Maryland State Department of Human Services, McNew, Danielle Mcintosh, Medstar Health, Devante Meullion, Melissa MiKami, Julie Middleton, Kayla Mitchell, John P. Morrissey, Katherine Norberg, Hannah Nwakibu, David Ochinero, Joseph Odierno, Daniel Paluchowski, Joseph D. Pate, Lauren Penkaia, Maria Perez, Perez Family, Perez Luis, Chelsea Perrus, A. Phillips, Rasheeda Pratt, James Prevas, Prince George's County Commissioners Office, Prince George's County Government, Prince George's County Public Safety Communications, Kara Probeyahn, Kelly Propst, Gabrielle Prout, Andrew Rappaport, Andrew Ridgely, Randy Roberts, Christine Rose, Rochelle Ross, Juliana Bot Salau, Justin J. Sasser, Lori Schapiro, Robert Schultz, Ronald L. Schwartz, Brian Seipp, Sgt Shifflett, Tomica Sharps, Shore United Bank, James Shoults, Kathy Smith, Elise Song, Chad Stuart, The Office of Governor, Alison Thir, Briana Thompson, Tyler Technologies MDEC, Washington D.C. EMS Headquarters et al., Washington D.C. Metropolitan Police Department, Gregory Wells, Aimee West, Tammy Withers, Burgess Wood, and Mary F. Young. ECF 6-1.

The Court must construe liberally the allegations in Hoff's amended complaint because she does not have counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberally construed, Hoff's allegations, once again, focus on a custody battle between her and Perez over their minor son and related statements and findings about Hoff's mental health. Hoff alleges that Perez and other defendants used "false accusations and false reporting . . . to frame Dr. Hoff as mentally unstable in order to gain sole custody of the minor child," to remove her son to another state, and to prevent Hoff from seeing her son, whose new address Hoff does not know. ECF 6, at 5. She also alleges that "Maryland repeatedly accepted false allegations that Dr. Hoff is mentally unstable, requires constant supervision, and is incapable of exercising independent judgment, despite Dr. Hoff being a licensed healthcare professional and a citizen who actively asserts her constitutional rights . . . ."

*Id.* According to Hoff, she was falsely imprisoned in August 2024 and "improperly labeled with false psychiatric diagnoses" due to "false findings concerning mental instability." *Id.* She states that she has not seen her son in person since March 12, 2026 and that a temporary protective order subsequently was filed against her in June. *Id.* at 6. She seeks the "immediate return of the minor child to Dr. Hoff and immediate injunctive relief preventing continued unlawful interference with Plaintiff's parental rights." *Id.* at 5. She also seeks declaratory relief and compensatory and punitive damages. *Id.* Additionally, she requests appointment of counsel "to ensure equal protection, meaningful access to justice, and adequate legal representation due to the extraordinary complexity of this federal tort action." *Id.* at 9.

Hoff's case cannot proceed in this Court. Generally, "a federal court, whose jurisdiction has been invoked, *must* exercise that jurisdiction and address the matter before it." *W. Va. Parents for Religious Freedom v. Christiansen*, 124 F.4th 304, 309 (4th Cir. 2024) (quoting *Sonda v. W. Va. Oil & Gas Conservation Comm'n*, 92 F.4th 213, 219 (4th Cir. 2024) (emphasis in *Sonda*); *see Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 236 (1984). However, under certain narrow exceptions to this rule, a district court may abstain from exercising jurisdiction. "There are multiple abstention doctrines . . . that constitute 'extraordinary and narrow exceptions to a federal court's duty to exercise the jurisdiction conferred on it.'" *W. Va. Parents*, 124 F.4th at 309 (quoting *Sonda*, 92 F.4th at 219). And "[u]nder established abstention doctrines, . . . a federal court may, and often must, decline to exercise its jurisdiction where doing so would intrude upon the independence of the state courts and their ability to resolve the cases before them." *J.B. v. Woodard*, 997 F.3d 714, 721–22 (7th Cir. 2021) (quoting *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010)).

Hoff is asking the Court to determine matters of family law—the custody of her minor child and her visitation rights. Matters of family law traditionally have been reserved to the state

or municipal court systems, which have the expertise and professional support staff. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Under "the domestic relations exception" to federal jurisdiction, federal courts do not have the power to intervene in child custody or visitation decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992). Jurisdiction over the family law matters Hoff raises is reserved to the state courts. This Court abstains from exercising jurisdiction over them.

Even if all of Hoff's allegations do not fit squarely within the domestic relations exception to federal jurisdiction, a federal court may need to abstain even when no abstention doctrine fits the circumstances perfectly. *See Woodard*, 997 F.3d 714, 721–22. "A common thread underlying the Supreme Court's abstention cases is that they all implicate (in one way or another and to different degrees) underlying principles of equity, comity, and federalism foundational to our federal constitutional structure." *Id.* Even if "no abstention doctrine is an exact fit," the court should consider these principles to ensure that exercising jurisdiction would not infringe upon any of them. *Id.* at 723. On this basis, courts have declined to exercise jurisdiction. *See id.* at 725; *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018); *Tutt v. Robinson*, No. DKC 25-2006, 2025 WL 2085208, at *2–3 (D. Md. July 24, 2025).

One "fundamental principle" that can provide a basis for abstention is federalism, which "requires that federal courts respect the sovereignty of their state counterparts." *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 93 (4th Cir. 2022). Thus, "federal courts may decline to exercise jurisdiction where denying a federal forum would 'clearly serve an important countervailing interest,' including 'regard for federal-state relations.'" *Woodard*, 997 F.3d at 723 (quoting *Courthouse News Serv.*, 908 F.3d at 1071); *see Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). *Cf. Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (describing a "domestic

relations abstention doctrine" as distinct from the jurisdictional exception and finding that the district court properly abstained from hearing § 1983 claims against a family-court judge, his wife, and their marriage counselor arising out of family court proceedings).

In *Woodard*, the Seventh Circuit concluded that the district court properly declined to exercise jurisdiction. There, a state court entered an order in a child custody proceeding that limited a father's parenting time due to allegations of abuse. 997 F.3d at 717. While the state court proceedings were ongoing, the father filed a § 1983 complaint in federal court against state officials in their individual capacities for procedural and due process violations. *Id.* The district court abstained under *Younger*. *Id.*; *see Younger v. Harris*, 401 U.S. 37 (1971).

The Seventh Circuit determined that *Younger* abstention was not precisely on point, *Rooker-Feldman* abstention did not apply, and the domestic-relations exception to federal jurisdiction "[wa]s not a perfect match," but abstention was appropriate nonetheless. *Woodard*, 997 F.3d at 722–23. The court found that although the father had asserted a § 1983 claim and had raised his constitutional right to familial association, "federal adjudication of [the father's] claims would 'reflect a lack of respect for the state's ability to resolve [the issues] properly before its courts.'" *Id.* at 722 (quoting *SKS & Assocs.*, 619 F.3d at 679). Exercising jurisdiction also "threaten[ed] interference with and disruption of local family law proceedings—a robust area of law traditionally reserved for state and local government—to such a degree as to all but compel the federal judiciary to stand down." *Id.* And, if the court ruled in the father's favor on his requests for declaratory and injunctive relief, the federal court orders "would provide [the father] with an offensive tool to take to state court to challenge that judge's orders." *Id.* at 723. Thus, the father could not "compel the adjudication of claims that would inject a federal court into a contested and

ongoing family court custody dispute." *Id.* at 722. The court held that, "[i]n these circumstances, federal courts need to stay on the sidelines." *Id.* at 723.

The same general principles of federalism that *Woodard* described apply here. Hoff asks the Court to order "the immediate return of the minor child to his mother, Dr. Hoff," and to order "immediate restoration of meaningful communication and contact with the minor child," ECF 6, at 9. She also asks this Court to "assume jurisdiction, oversight, review, and adjudication of all future proceedings involving Plaintiff arising from the ongoing alleged conspiracy within the State of Maryland and Calvert County to abuse, defame, discredit, and unlawfully interfere with Dr. Hoff's constitutional rights, parental rights, civil rights, liberty interests, religious practices, and reputation." ECF 6-2, at 159. Hoff asks the Court, among other things, "to remove the influence of illegal actors, false statements, unsupported allegations, defamatory accusations, and improperly admitted evidence from all proceedings affecting Plaintiff" and to have all allegedly tainted proceedings "reopened, reviewed, and retried." *Id.* at 160. She seeks monetary, injunctive, and declaratory relief, insisting that "[m]onetary damages alone are insufficient because ongoing harms involved constitutional rights, parental rights, family integrity, liberty interests, and continuing reputational injury." ECF 6-2, at 150.

As in *Woodard*, exercising jurisdiction over Hoff's claims could interfere with and disrupt the ongoing custody proceedings in state court. And adjudication of Hoff's claims would reflect a lack of respect for the state court's ability to resolve the issues before it. Further, if the Court happened to rule in Hoff's favor on her requests for injunctive and declaratory relief, the Court's order could provide her with a tool to challenge the state court's orders. This Court will not adjudicate claims that would inject it "into a contested and ongoing family court custody dispute." *See Woodard*, 997 F.3d at 722. So, even if the domestic relations exception is not a perfect fit for

all of Hoff's allegations, the Court will abstain from adjudicating Hoff's claims for the same reasons the *Woodard* Court affirmed abstention.

In addition to injunctive relief, Hoff seeks damages. The principles of federalism likely counsel against exercising jurisdiction over Hoff's damages claims because a resolution in Hoff's favor could provide a basis for challenging the state court's orders. The Court need not definitively decide this question, however, because even if the Court could exercise jurisdiction over Hoff's damages claims, Hoff's amended complaint violates the Local Rules and this Court's prior order. Local Rule 103.1(d) states that pleadings shall not exceed 40 pages without leave of court. Hoff's amended complaint is 177 pages; she did not obtain leave of court to file such a lengthy pleading. And the Court previously ordered Hoff to file a complaint that provided "a short and plain statement of the claim" and "simple, concise, and direct" allegations, as Rules 8(a) and (d) require. ECF 5 (citing Fed. R. Civ. P. 8(a), (d)). Her 177-page amended complaint does not meet either of those requirements. Thus, Hoff's amended complaint does not comply with Local Rule 103.1(d), the Court's June 22, 2026 Order, or Rule 8 of the Federal Rules of Civil Procedure.

The Court dismisses Hoff's amended complaint without prejudice. This dismissal does not prejudice Hoff's right to present her request in state court.[1]

Accordingly, it is this 29th day of October, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Hoff's motion to proceed in forma pauperis, ECF 9, IS GRANTED;

[1] Hoff seeks leave to supplement the amended complaint to add additional defendants and allegations. ECF 12. Hoff does not explain how additional allegations will provide "a short and plain statement of the claim" or make her existing allegations "simple, concise, and direct." *See* Fed. R. Civ. P. 8(a), (d). Hoff's motion to supplement is denied.

2. The Court ABSTAINS from hearing Hoff's claims for injunctive and declaratory relief, which ARE DISMISSED without prejudice;
3. The remainder of Hoff's amended complaint is dismissed for failure to comply with the Court's June 22 Order, Federal Rule of Civil Procedure 8, and Local Rule 103.1(d);
4. Hoff's motion for judgment on the pleadings, ECF 10, IS DENIED as moot;
5. Hoff's motion for appointment of counsel, ECF 11, IS DENIED as moot;
6. Hoff's motion for leave to add defendants and supplement her amended complaint, ECF 12, IS DENIED;
7. The Clerk SHALL SEND Hoff a copy of this Order and SHALL CLOSE this case.

Deborah L. Boardman
United States District Judge